Thomas M. Fedeli (State Bar No. 314647)
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358 7600
Facsimile: (213) 358 7650
Email: thomas.fedeli@clydeco.us

Attorneys for Plaintiff,
HENRY BATH, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY BATH, LLC,<br><br>                     Plaintiff,<br><br>vs.<br><br>FREIGHT DIRECT, INC., TRANSJET CARGO LLC, LUX TRANS CORP,, and L&D LOGISTICS<br><br>                     Defendants. | Case No.:_____<br><br>**COMPLAINT** |

HENRY BATH, LLC ("Plaintiff" or "Henry Bath"), for itself and no other party, and by and through its undesigned attorneys, hereby alleges for its Complaint against Defendants, FREIGHT DIRECT, INC. ("Freight Direct"), TRANSJET CARGO LLC ("Transjet"), LUX TRANS CORP. ("Lux Trans"), and L&D LOGISTICS ("L&D," and collectively with Freight Direct, Transjet, and Lux Trans, "Defendants"), as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction under 28 U.S.C. § 1331 because this case is brought pursuant to 49 U.S.C. § 14706 *et. seq.* (the "Carmack Amendment").

---

**PLAINTIFF HENRY BATH, LLC'S COMPLAINT**

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

2.      With respect to the state law claims, this Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because they arise from the same case or controversy over which the Court has original jurisdiction.

3.      This Court also has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper within this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      At all material times herein, Henry Bath was and is a freight forwarding services provider for metals producers and consumers.

6.      Henry Bath is a limited liability company organized under the laws of Delaware and headquartered in Bloomfield, Michigan.  Its parent company is a limited company registered in the United Kingdom with members registered in Hong Kong.

7.      At all material times herein, Freight Direct was and is a federal motor carrier, registered with the U.S. Department of Transportation (MC-081829).

8.      Freight Direct is organized under the laws of California, with its principal place of business located at 6889 N. Curtis Lane, Unit 1, San Bernardino, California 92407.

9.      At all material times herein, Transjet was and is a motor carrier and/or broker, registered with the U.S. Department of Transportation (MC-77467).

10.      Transjet is organized under the laws of Indiana with its principal place of business located at 325 S. College Avenue, Indianapolis, Indiana 46202.

11.      At all material times herein, Lux Trans was a motor carrier and/or broker, registered with the U.S. Department of Transportation (MC 1534303).

12.      Lux Trans is organized under the laws of Ohio with its principal place of business located at 12421 Pearl Road, Strongsville, Ohio 44136.

**PLAINTIFF HENRY BATH, LLC'S COMPLAINT**

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

13. At all material times herein, L&D was and is a motor carrier and/or broker, registered with the U.S. Department of Transportation (MC 1186388).

14. L&D is organized under the laws of California with its principal place of business located 1200 Alameda Ave., Glendale, California 91201.

## FACTUAL BACKGROUND

15. In or around July 2023, Plaintiff contracted with non-party IXM Trading LLC ("IXM") to arrange for the transport of twenty-three (23) shipments of copper cathodes (the "Cargo") from the Panama City, Florida, to Carrollton, Georgia.

16. On or about July 17, 2023, Plaintiff tendered the transport of the Cargo to Transport Consultants, Inc. ("TCI").

17. On or about July 19, 2023, Plaintiff sent TCI a Delivery Order for the Cargo, which listed the "Origin Company" as "Panama Port City," located at 180 B Avenue, Panama City, Florida, and the "Destination Company" as "Southwire," located at 372 Central High Road, Carrollton, Georgia 30116.

18. TCI tendered the transport of the Cargo to Transjet for shipment from Panama City, Florida, to Carrollton, Georgia.

19. Transjet tendered the transport of the Cargo to Lux Trans.

20. Lux Trans tendered the transport of the Cargo to L&D.

21. Upon information and belief, L&D tendered the transport of the Cargo to Freight Direct.

22. Upon information and belief, Freight Direct instructed its employee, Amandeep Singh, to pick up Shipment H19 from the Port of Panama City.

23. Shipment H19 consisted of five (5) bundles of copper cathodes, weighing approximately 39,643 pounds.

24. On or about July 25, 2023, Mr. Singh picked up Shipment H19 from the Port of Panama City, Florida, using a truck and trailer with trailer number 1309-TZN43M and truck number 004-YP98462.

**PLAINTIFF HENRY BATH, LLC'S COMPLAINT**

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

25. Upon pickup of Shipment H19, Mr. Singh signed the Bill of Lading No. BBHY1312010IP01/H19, dated July 25, 2023, which stated that Shipment H19 would be delivered to Southwire, at 372 Central High Road, Carrollton, Georgia 30116.

26. Upon information and belief, Mr. Singh delivered Shipment H19 to Santa Fe Warehouse in Commerce, California.

27. Plaintiff did not know that Shipment H19 had been redirected to Commerce, California until after Shipment H19 did not reach its intended destination (*i.e.* Carrollton, Georgia).

28. Plaintiff did not approve or consent to the redirecting of Shipment H19 to Commerce, California.

29. To date, Plaintiff has been unable to locate or recover Shipment H19.

30. On or about August 7, 2023, IXM submitted a claim to Plaintiff for the loss of Shipment H19 in the amount of $159,404.50 (the "Claim").

31. Plaintiff paid the Claim and thereby became subrogated to the loss to the extent of that payment.

32. As a result of Defendants' actions, Plaintiff sustained damages of not less than $159,404.50.

## FIRST CAUSE OF ACTION:

## LIABILITY UNDER CARMACK AMENDMENT

33. Plaintiff re-alleges and incorporates the allegations set forth above as if fully set forth therein.

34. The Carmack Amendment 49 U.S.C. § 14706 *et. eq.* applies to this dispute because it involves the interstate shipment of goods by motor carriers for hire.

35. All material times herein, Defendants were and are engaged in the interstate motor carrier transportation of Shipment H19 from Panama City, Florida, to Carrollton, Georgia.

**PLAINTIFF HENRY BATH, LLC'S COMPLAINT**

36.     Shipment H19 was in good order and condition when it was received by Freight Direct at the Port of Panama City on or about July 25, 2023.

37.     Defendants breached their obligation as a motor carrier by failing to deliver Shipment H19 to the destination listed on the Bill of Lading and instead delivering it to Commerce, California, without Plaintiff's knowledge or consent, which resulted in the loss of Shipment H19.

38.     Plaintiff sustained damages of not less than $159,404.50 as a result of Defendants' failure to discharge its obligation under the Carmack Amendment.

**SECOND CAUSE OF ACTION: CONVERSION**

39.     Plaintiff repeats and realleges the allegations set forth above as if fully set forth therein.  This cause of action is expressly pled in the alternative as Plaintiff anticipates that Defendants may deny that Defendants acted as a carrier subject to the Carmack Amendment or otherwise allege that the Carmack Amendment is inapplicable to this action.

40.     At all material times herein, Plaintiff was and is the owner of Shipment H19.

41.     Defendants wrongfully asserted dominion over Shipment H19 when it redirected and ultimately delivered Shipment H19 to Commerce, California, without Plaintiff's knowledge or consent.

42.     Defendants' exercise of dominion was inconsistent with Plaintiff's ownership.

43.     Plaintiff sustained damages of not less than $159,404.50 as a result of Defendants' conversion of Shipment H19, no part of which has been paid, although duly demanded.

**THIRD CAUSE OF ACTION: BREACH OF CONTRACT**

44.     Plaintiff repeats and realleges the allegations set forth above as if fully set forth therein.  This cause of action is expressly pled in the alternative as Plaintiff anticipates that Defendants may deny that Defendants acted as a carrier subject to the

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**PLAINTIFF HENRY BATH, LLC'S COMPLAINT**

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1    Carmack Amendment or otherwise allege that the Carmack Amendment is

2    inapplicable to this action.

3        45.    Under Bill of Lading No. BBHY1312010IP01/H19, dated July 25, 2023,

4    Defendants agreed, in return for good and valuable consideration, to carry Shipment

5    H19 from Panama City, Florida to Carrollton, Georgia, and to deliver Shipment H19

6    in the same good order, condition, and quantity as when received.  A true and correct

7    copy of Bill of Lading No. BBHY1312010IP01/H19 is attached hereto as Exhibit A.

8        46.    Defendants breached their contractual duty by failing to deliver

9    Shipment H19 to the address stated on the Bill of Lading, and instead redirecting and

10   delivering Shipment H19 to Commerce, California, without Plaintiff's knowledge or

11   consent.

12       47.    As a direct and proximate result of the aforementioned breach,

13   Defendants caused Plaintiff to suffer damages of not less than $159,404.50, no part

14   of which has been paid, although duly demanded.

15                **FOURTH CAUSE OF ACTION: NEGLIGENCE**

16       48.    Plaintiff repeats and realleges the allegations set forth above as if fully

17   set forth therein.  This cause of action is expressly pled in the alternative as Plaintiff

18   anticipates that Defendants may deny that Defendants acted as a carrier subject to the

19   Carmack Amendment or otherwise allege that the Carmack Amendment is

20   inapplicable to this action.

21       49.    Freight Direct, as a motor carrier, owed a duty to Plaintiff to exercise

22   reasonable care in the transport and handling Shipment H19.

23       50.    Transjet, as a motor carrier and/or broker, owed a duty to Plaintiff to

24   exercise reasonable care in the transport and handling Shipment H19.

25       51.    Lex Trans, as a motor carrier and/or broker, owed a duty to Plaintiff to

26   exercise reasonable care in the transport and handling Shipment H19.

27       52.    L&D, as a motor carrier and/or broker, owed a duty to Plaintiff to

28   exercise reasonable care in the transport and handling Shipment H19.

**PLAINTIFF HENRY BATH, LLC'S COMPLAINT**

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

53.    Defendants breached that duty by failing to properly protect, safeguard, and care for Shipment H19, among other acts and omissions.

54.    Defendants' breach legally and proximately caused the total loss of Shipment H9 and, as a result, Plaintiff sustained damages of not less than $159,404.50.

### FIFTH CAUSE OF ACTION: NEGLIGENT HIRING

55.    Plaintiff repeats and realleges the allegations set forth above as if fully set forth therein.  This cause of action is expressly pled in the alternative as Plaintiff anticipates that Defendants may deny that Defendants acted as a carrier subject to the Carmack Amendment or otherwise allege that the Carmack Amendment is inapplicable to this action.

56.    At all material times herein, Defendants were and are a transportation service provider who hired employees to complete the transport of Shipment H19.

57.    Defendants owed a duty to take reasonable precautions when selecting employees to transport, move, and/or handle Shipment H19.

58.    Defendants breached their duty to select qualified, prudent, safe and cautious employees to transport, move, and/or handle Shipment H19.

59.    Defendants' negligence caused the total loss of Shipment H19.

60.    As a result of Defendants' negligent hiring, Plaintiff sustained damages of not less than $159,404.50.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that after due proceedings be had, the following relief be granted:

    a.  That judgment be entered in its favor and against Defendants, awarding Plaintiff and any all legally recoverable damages, including but not limited to reasonable attorneys' fees, and pre- and post-judgment

    b.  Such other and further relief as the Court deems just and proper.

/ / /

**PLAINTIFF HENRY BATH, LLC'S COMPLAINT**

1  Dated: July 21, 2025

2                                          Respectfully submitted,

3                                          CLYDE & CO US LLP

4

5                                          By:  */s/ Thomas M. Fedeli*
                                                Thomas M. Fedeli
6                                                *Attorneys for Plaintiff Henry Bath,*
                                                 *LLC*
7

8

9

10

11

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF HENRY BATH, LLC'S COMPLAINT**